Daniel, Judge.
 

 Hinton J. Craddock, by deed dated the 20th day of May, 1833, conveyed unto the defendant, his mother, during her life or widowhood, the slaves mentioned in the plaintiffs’ bill, remainder to her three daughters, Mary Sutton, Sarah and Penny Craddock. The bill is filed by two of the daughters with their husbands,
 
 charging the
 
 defendant with an intention, and declarations made, to sell the slaves to speculators, and cause them to be removed out of the State. The bill further alleges, that the defendant has but a small estate, totally inadequate to indemnify them for their loss, if she should remove the slaves beyond the jurisdiction of the Court. The bill prays that the slaves may be sequestered, and that the defendant may be decreed to give security for their forthcoming on the determination of her particular estate.
 

 The defendant’s answer admits the title of the slaves as stated in the bill, and also their names. But she denies any intention to remove them, or cause them to be removed. She denies ever having made any declaration that she intended to sell the slaves to speculators, or any body else, or that she
 
 *135
 
 has made any attempt to remove, or cause to be removed, the said slaves beyond the jurisdiction of the Court.
 

 The plaintiffs have offered no proofs to sustain that part of their bill, which charged the defendant with declarations of an intention to sell the slaves, and cause them to be removed out of the State. But the plaintiffs insist, that the defendant shall be held to security for the forthcoming of the slaves on the determination of her particular estate. The limitation of the slaves in remainder by the deed, would have been effectual as an executory devise, if contained in a last will; therefore it is good by force of the act of Assembly, passed in the year 1823. (Rev. St. c, 37, s. 22.) The statute does not require security to be given by the tenant for life. And it is stated in the boobs, that if personal chattels are be. queathed to A. for life, remainder to B., A. will be entitled to the possession of the goods, upon signing and delivering to the executor an inventory of them, admitting their receipt, expressing that he is entitled to them for life, and that after-wards they belong to the person in remainder.
 
 Slaning
 
 vs.
 
 Style,
 
 3 P. W.
 
 336
 
 — Luke vs.
 
 Bernett,
 
 1 Atk. 471—
 
 Bill
 
 vs.
 
 Kinoston, 2
 
 Atk. 82. The old practice of the Court of Equity was, to require the tenant for life to give security for the protection of the remainder-man; but such security is not now required, except a case of danger is shewn.
 
 Toley
 
 vs.
 
 Burnell,
 
 1 Bro. C. C. 279. Williams on Executors, 859.
 
 Covenhouse
 
 vs.
 
 Shaler, 2
 
 Paige 123. In the present case, the plaintiffs have shewn no cause of danger; therefore, their prayer cannot be granted. We are of the opinion that the bill must be dismissed with costs.
 

 Per Curiam. Bill dismissed with costs.